UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PARKER DRILLING OFFSHORE USA, LLC** | **CASE NO. 6:22-CV-05808** |
| **VERSUS** | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **CRAIG PAINTER** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is a MOTION TO DISMISS filed by Defendant Craig Painter. (Rec. Doc. 7). Plaintiff Parker Drilling Offshore USA, LLC filed an opposition (Rec. Doc. 9) to which Painter replied (Rec. Doc. 10). Painter's motion seeks abstention based on this Court's discretionary authority to decline to exercise its jurisdiction in favor of his pending state court action. The motion was referred to undersigned for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion be GRANTED.

### Factual Background

Painter was a Jones Act seaman employed by Parker and assigned to work on Parker's *Rig 55B*. On August 7, 2022, the rig was docked in navigable waters at a shipyard in Amelia, St. Mary Parish, Louisiana. (Complaint, Rec. Doc. 1 at ¶3).[1] On that date, Painter reported injuries to his lower back and left knee as a result of

---

[1] The instant motion says that the accident occurred in Iberia Parish. Parker's complaint states that its operational office for *Rig 55B* is located in Iberia Parish. (Rec. Doc. 1 at ¶4).

slipping while cleaning tanks. (*Id.* at ¶5). Parker began paying maintenance and cure benefits. (*Id.* at ¶6; Rec. Doc. 7-1 at 2).

On October 26, 2022, Parker filed a Complaint for Declaratory Judgment alleging that Painter had denied any prior back and knee injuries and prior drug use. (Rec. Doc. at ¶¶10-13). Based on those alleged misrepresentations, Parker seeks a judgment declaring that maintenance and cure benefits are not owed to Painter pursuant to *McCorpen v. Central Gulf SS Corp.*, 396 F.2d 547 (5th Cir. 1968).

On December 23, 2022, Painter filed suit in state court in Iberia Parish. (Rec. Doc. 7-3). The petition attached to the instant motion is not dated and does not bear a file stamp from the Iberia Parish Clerk of Court indicating the date of filing and docket number. Parker's opposition references December 23, 2022 as the date of filing. (Rec. Doc. 9 at 13). If so, the state court suit was filed the same day as the instant motion. The instant motion requests discretionary dismissal of Parker's complaint.

## Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. "In the

2

declaratory judgment context, the normal principle that federal courts should adjudicate claims within their discretion yields to considerations of practicality and wise judicial administration." *Id*. at 289.

For claims brought pursuant to the Declaratory Judgment Act, a court must engage in a three-step inquiry when determining whether to retain or dismiss a declaratory action: (1) whether the action is justiciable, i.e., whether an "actual controversy" exists between the parties; (2) if the court has jurisdiction, whether it has authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Orix v. Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). A district court has broad discretion to determine whether to dismiss a declaratory action. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).

The Fifth Circuit has articulated the following seven factors for courts to consider in determining whether dismissal is appropriate:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;
2. whether the plaintiff filed suit in anticipation of a lawsuit by the defendant;
3. whether the plaintiff engaged in forum shopping in bringing the suit;
4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
5. whether the federal court is a convenient forum for the parties and witnesses;
6. whether retaining the lawsuit would serve the purposes of judicial economy; and
7. whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91. The Court notes that "none of these factors take precedence over the others, and the district court has discretion to consider as many of the variables as it wishes." *GlobalSantaFe Drilling Co. v. Quinn*, 2012 WL 4471578 at *2 (E.D. La.) (citations omitted).

The first and second prongs of the *Orix* analysis are easily satisfied. With respect to justiciability, the instant case presents an actual controversy in that Parker has been paying Painter maintenance and cure and is seeking to terminate Painter's maintenance and cure benefits based on the defense recognized by *McCorpen*, *supra*. *See Hercules Liftboat Co., LLC v. Jones*, 2007 WL 4355045 at *1 (W.D. La.) ("There is no dispute that the declaratory action *sub judice* is justiciable. The issue regarding whether maintenance and cure is owed is an actual controversy"). With respect to the second factor, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1333. The parties dispute the application of the third *Orix* factor, requiring a consideration of the *Trejo* factors.

The first and seventh *Trejo* factors address "the proper allocation of decision-making between state and federal courts." *Sherwin-Williams v. Holmes Cnty.*, 343 F.3d 383, 390 (5th Cir. 2003). The seventh factor is inapplicable under the circumstances of this case as there is no state judicial decree for the Court to construe. The first factor requires consideration of any "pending state action in which all of the matters in controversy may be fully litigated." *Trejo*, 39 F.3d at 590-91. Painter has filed suit in state court and asserted a claim for maintenance and cure, and the fact that its filing post-dates the filing of the complaint in the

4

instant case does not alter the analysis. *Parker Drilling Offshore v. Lee*, 2013 WL 3779280 at *2 (W.D. La.) (granting motion to dismiss despite fact that employer's declaratory action was filed before employee's state court action). In fact, the Fifth Circuit has stated that "[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action." *Sherwin-Williams*, 343 F.3d at 394. See *Aries Marine Corp. v. Lolly*, 2006 WL 681184 (W.D. La.) (citing *Sherwin-Williams* and concluding that absence of state court suit was neutral for purposes of the first *Trejo* factor). This factor weighs in favor of dismissal.

The second, third and fourth factors address fairness concerns with respect to forum selection and aid in the determination of whether a plaintiff in a declaratory action is using the process "to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. Under the circumstances here, all three factors weigh in favor of dismissal. It appears to the Court that Parker filed its declaratory action in anticipation of a suit by Painter arising out of the alleged accident. Parker's complaint even references Painter's retention of counsel, demonstrating awareness on Parker's part that future litigation was contemplated. (Rec. Doc. 1 at ¶9). See *Aries Marine Corp. v. Lolly*, 2006 WL 681184 at *3 ("[T]he evidence suggests that Aries Marine brought this suit not for reasons supported by the purposes of the Declaratory Judgment Act, but for the reason of 'subverting the real plaintiff's advantage' in a forum of Aries Marine's choosing.").

With respect to the fifth factor, whether federal court is a convenient forum to the parties and witnesses, Painter concedes that it is neutral. The Court agrees.

The sixth factor concerns judicial economy and weighs in favor of dismissal. Painter has filed a suit in state court, and his petition appears to seek all available remedies arising out of the subject accident, including maintenance and cure benefits. (Rec. Doc. 7-3). In a case predating *Trejo* by three years, the Eastern District addressed the interplay between a declaratory action and issues relating to maintenance and cure:

> In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S. Ct. 1646, 1650, 10 L. Ed. 2d 720 (1963), the Court held that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." The Court reasoned that to separate the claims is so cumbersome, confusing and time consuming, that it places completely unnecessary obstacles in the path of litigants seeking justice. *Id.*
> The obvious concern in this case is that a resolution of the maintenance and cure issue before this Court, through the vehicle of a declaratory judgment action, effectively separates the maintenance and cure claim from the other claims, so that the same facts must necessarily be tried before two separate tribunals. If this Court were to routinely resolve the viability of an employee's maintenance and cure claim through the employer's declaratory judgment action when the employee has filed a subsequent and more complete action involving also maintenance and cure in another court, the principles espoused in *Fitzgerald* would be offended. The purpose of 28 U.S.C. § 2201 is not served by trying a case piecemeal.

*Rowan Cos., Inc. v. Blanton*, 764 F. Supp. 1090, 1092 (E.D. La. 1991).[2] The same can be said here.

Courts in this district have routinely dismissed declaratory judgment actions brought by employers against injured employees after application of the *Trejo*

---

[2] Interestingly, Judge Feldman began his ruling by stating that "[t]his motion focuses on the growing phenomenon of strategic forum preclusion by the Bar." 764 F. Supp. at 1091.

factors. *See In re Mike Hooks, LLC*, 2021 WL 627739 (W.D. La.) (granting motion to dismiss declaratory action brought by employer regarding employee's right to maintenance and cure); *Miss Quynh Anh III, LLC v. Tran*, 2019 WL 3934396 (W.D. La.) (same); *Parker Drilling Offshore v. Lee*, 2013 WL 3779280 (W.D. La.) (granting motion to dismiss declaratory action seeking, *inter alia*, a determination that the employee had concealed a preexisting condition and was therefore not entitled to maintenance and cure pursuant to *McCorpen*); *Taylors Int'l Servs. v. Weaver*, 2011 WL 1832121 (W.D. La.) (recommending dismissal of declaratory action by employer seeking declaration that it was not obligated to pay maintenance and cure); *Mike Hooks, Inc. v. Eskridge*, 2011 WL 888117 (W.D. La.) (same); *Hercules Liftboot Co., LLC v. Jones*, 2007 WL 4355045 (W.D. La.) (recommending dismissal of declaratory action regarding employer's maintenance and cure obligation); *Aries Marine Corp. v. Lolly*, 2006 WL 681184 (W.D. La.) (same).

Despite this weight of authority, Parker argues that the Eastern District's recent decision in *Maintenance Dredging I, LLC v. Billiot*, 2022 WL 5053415 (E.D. La.), is directly on point and its conclusion should be applied here. The Court notes that the circumstances in *Billiot* are very similar to those presented here but declines Parker's invitation to apply it.[3] In *Billiot* and in this case, the employer filed its declaratory action before the employee filed his state court action. The employer alleged that the employee had failed to accurately disclose his medical history before being injured. 2022 WL 5053415 at *1. The employee filed a motion

---

[3] In addition to the factual and procedural similarities, the employee in *Billiot* was represented by Painter's counsel.

7

to dismiss, arguing that the *Trejo* factors weighed in favor of dismissal. Denying the motion to dismiss, Eastern District concluded that "the *Trejo* factors did not outweigh the significant discoveries of Billiot's medical history."[4] *Id*. at *4. The court acknowledged the weight of Eastern District authority dismissing preemptive declaratory judgment actions in maritime personal injury cases but noted that "when courts have found a viable *McCorpen* defense, declaratory relief to employers has been extended." *Id*.

The court cited multiple Eastern District cases in support of the proposition that courts grant declaratory relief when faced with viable *McCorpen* defenses. In *Adriatic Marine, LLC v. Harrington*, 442 F. Supp. 3d 929 (E.D. La. 2020), the court addressed a motion for summary judgment by an employer in a declaratory action asserting a *McCorpen* defense and seeking dismissal of an employee's maintenance and cure claim. In response to the declaratory action, the employee filed a counterclaim seeking maintenance and cure. There was no indication in the decision that the employee had filed suit in state court or a motion to dismiss based on *Trejo*.

In *Alliance Marine Servs., LP v. Youman*, 2018 WL 6523134 (E.D. La.), Judge Feldman granted two motions for partial summary judgment filed by an employer in a declaratory action asserting a *McCorpen* defense.[5] The declaratory action was filed after the employee had filed two suits. One was filed in federal court and dismissed without prejudice four days later on the employee's motion. The other

---

[4] Parker's opposition addresses the strength of its *McCorpen* defense and attaches 58 pages of Painter's medical records. (Rec. Docs. 9-1 to 9-16).
[5] Judge Feldman also authored *Rowan, supra*.

8

matter was filed in state court and was stayed on the employee's motion due to the possibility of incomplete relief in state court. 2018 WL 6523134 at *4, note 4. The employee filed an answer and counterclaim in the declaratory action. Given the previously stated procedural history, the employee did not file a motion to dismiss nor was the court called to conduct a *Trejo* analysis.

In *Atlantic Sounding Co., Inc. v. Petrey*, 2010 WL 1403960 (E.D. La.), the court issued findings of fact and conclusions of law subsequent to a trial in a declaratory action by an employer asserting a *McCorpen* defense. The employee had filed a counterclaim alleging Jones Act negligence and unseaworthiness and seeking, *inter alia*, maintenance and cure. The ruling did not mention any suit by the employee or conduct any *Trejo* analysis.

*Cenac Marine Servs., LLC v. Clark*, 2017 WL 1079181 (E.D. La.), involved two consolidated suits filed in the Eastern District. The employer filed suit first seeking a declaratory judgment that it was not obligated to pay the employee maintenance and cure. The employee filed the second suit and alleged claims under the Jones Act and for unseaworthiness and sought maintenance and cure. Since the employee filed suit in federal court, he apparently did not file suit in state court and seek dismissal of the employer's suit. Again, the court[6] was not called upon to conduct a *Trejo* analysis.

The final case cited in *Billiot* was *Atlantic Sounding Co., Inc. v. Vickers*, 782 F. Supp. 2d 280 (S.D. Miss. 2011), from the Southern District of Mississippi. The employer filed a declaratory action seeking the determination of numerous issues,

---

[6] This decision was also authored by Judge Feldman.

including that the employee was not entitled to maintenance and cure. The employee filed an answer and counterclaim for lost wages and maintenance and cure. The matter proceeded to trial on the issues of the employee's entitlement to maintenance and cure and the employer's contention that it no longer owed maintenance and cure. The court ultimately concluded that the employer was not liable for maintenance and cure beyond what had already been paid. The decision made no mention of a suit by the employee, a request by the employee to dismiss the declaratory action, or conduct a *Trejo* analysis.

In sum, the cases cited in *Billiot* where *McCorpen* defenses were asserted did not reference any assertion by the employee that the declaratory action should have been dismissed based on the filing or the anticipated filing of a suit by the employee nor did they contain any discussion of the *Trejo* factors. The employees in those cases asserted counterclaims and proceeded to judgment in federal court. The Court does not find in the Western District jurisprudence addressing dismissal of declaratory actions regarding maintenance and cure benefits any requirement for a threshold determination of the strength of a *McCorpen* defense before conducting the *Trejo* analysis. Therefore, the conclusion in *Billiot* is not applicable here.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS filed by Defendant Craig Painter (Rec. Doc. 7) be GRANTED and that the Complaint filed by Plaintiff Parker Drilling Offshore USA, LLC seeking declaratory judgment be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of August, 2023.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE